JOHN McINTYRE, plaintiff in error, vs. GEORGE W. CRAWFORD, defendant in error.

The verdict of the jury must be decidedly against the weight of evidence to warrant the Court to grant a new trial on the ground that the verdict is contrary to evidence.

Assumpsit, in Fannin Superior Court. Tried before Judge RICE, at May Term, 1858.

This was an action of assumpsit, by John McIntyre against George W. Crawford, for money had and received.

The plaintiff had bought of the defendant his *possessions and mill*, on lot No. 70, in the 7th district and 1st section of Fannin county, and paid therefor the sum of one hundred and fifty dollars. He was subsequently evicted by summary proceedings under the statute, by the true owners, and this action was brought to recover the purchase money paid to defendant.

Defendant pleaded the general issue.

The plaintiff proved that he bought of defendant the possessions and mill on said lot, and paid therefor $150 00.

McIntyre vs. Crawford.

That defendant held said lot under Harris & Millen, of Savannah, as tenant at will, but had represented that when it was offered for sale, he had the refusal of it; and if he did not buy, they would pay him for his improvements; and that plaintiff would get them or get pay for them. He further proved that he only remained in possession from six to twelve months, and was evicted.

Defendant proved that plaintiff bought his *possessions;* and had knowledge of the claim or title of Harris & Millen.

The jury found for the defendant, and plaintiff moved for a new trial, on the ground that the verdict was contrary to law and the evidence.

The presiding Judge refused the motion for a new trial, and plaintiff excepted.

FAIN; and MARTIN, for plaintiff in error.

CHASTAIN; UNDERWOOD, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

This was a motion for a new trial, on the ground that the verdict of the jury was contrary to law and the evidence. The Court refused the motion and the plaintiff excepted. The declaration consists of two common counts for money had and received. The object of the suit was to recover from the defendant the sum of one hundred and fifty dollars paid him by the plaintiff, for the possession of tract of land No. 70, in the 7th district of the 1st section of originally Cherokee now Fannin county, and a mill erected thereon, and from which possession he had been turned off by the rightful owners of the land.

The plaintiff insists that, by the contract of purchase, he was to retain the possession of the land until the owners sold it, and that then, by his contract, he was to be

McIntyre vs. Crawford.

entitled to the preference in the purchase of a full title from the owners. The issue was on the contract as here stated. Several witnesses were introduced. The price at which the possession and improvements were sold, was proven, and as there is no controversy on that point, it is useless to refer to the testimony which establishes it.

James Kincaird was the first witness introduced to sustain the main issue. He testified, that the defendant offered to sell to him at the same price that the plaintiff purchased at, and informed him that he held the possession under an obligation from Harris & Millen, of Savannah, which bound them to let him have the refusal of the lot of land when they wished to sell it. This testimony does not even tend to prove the issue in favor of the plaintiff, for there was no statement that Harris & Millen agreed to give an assignee of the possession, the same privilege, or that the defendant proposed to guaranty any such right. He proves nothing in respect to plaintiff's contract.

The evidence of John Chastain, that he had heard the defendant say to Mr. Bridwell, that if he never got the money on a fifty dollar note which he held against the plaintiff, for the land, it would make no difference, as he had already got one hundred dollars out of him, by no means establishes the contract to be as contended for by the plaintiff. It is susceptible of the construction, that as defendant had been turned out of possession, he would not claim the fifty dollars of him.

The evidence of John B. Chastain has more to do with the issue. He says he saw the defendant at Morganton, and asked him why he had swindled the plaintiff so; the defendant replied that he had not swindled him, but that he had sold him his improvements and mill; that they were worth one hundred and fifty dollars, and that he, defendant, held an obligation against Harris & Millen, of Savannah, that if he did not get the land at woodland price, they were

to pay him for his improvements, and that the defendant would get them or the pay for them.

If the statement of the defendant does not prove that a part of the right which he sold to the plaintiff, was a binding contract with the owners of the land, by which his vendee, the plaintiff, should have the land at woodland price, or that the plaintiff should be paid for the improvements, it is certainly strong evidence that, to induce him to make the purchase, he so represented to him. If so, there was certainly a fraud. This witness testifies that the plaintiff retained the possession of the property six or twelve months only after his purchase.

The plaintiff here closed his evidence, and the defendant introduced his son, Levi Crawford, who testified that he put the plaintiff in possession of the land for his father, the defendant; that the plaintiff said he did not know what was in the obligation which the defendant held on Harris & Millen for the land, but that he would get it and see; that he had money enough to pay for the land when the same came to sale, and that he had the preference; that from what McIntyre said, he seemed to know he was liable to be turned off at any time. This witness strengthens the presumption, that the defendant had, if not by the terms of his contract, by his representations to the plaintiff, strongly impressed him with the belief that he would be entitled to the preference at the sale of the land ; and while he said that the plaintiff seemed to know he was liable to be turned off at any time, he does not state a single fact to sustain his inference.

The defendant introduced another son, who said that he heard the plaintiff say, he would be very proud to own the land ; that he had sold his possessions in Tennessee, and had money enough to pay for the land when it should be sold by the owner, and that it would make him a very comfortable home, &c.; and that from what he said, he seemed to know he would be liable to be turned out of possession by Harris & Millen, at any time, though he had purchased

and stood in the shoes of his father, the defendant. This witness also testifies, to his inference from the conversation, that the plaintiff considered that he was liable to be turned off at any time, but does not detail a syllable that was said to justify the inference.

The only witness who was present at the contract was Guthridge Garland, introduced by the defendant. He testified that he was present at the contract; testified that plaintiff bought the possession, and paid one hundred and fifty dollars, but gives no evidence that the plaintiff was to remain in possession until the land was sold, or that he was to have the preference of purchasing when it was sold.

The plaintiff introduced an acknowledgment by the defendant, to Harris & Millen, that he was their tenant, and would surrender the possession of the land whenever called upon, after having first the offer to purchase when they offer the land for sale.

The jury, upon this evidence, found for the defendant. The presiding Judge in the Court below heard the whole case, refused to grant a new trial, and the verdict is not so decidedly against the weight of evidence, as to warrant us in overruling his judgment in that respect. It is probable that the defendant made unfair representations to induce the plaintiff to purchase, but the only witness present at the contract says nothing of them; and two witnesses testify that the plaintiff seemed to know that he was liable to be turned off at any time. The acknowledgment of tenancy to Harris and Millen, by the defendant, does not show that he had any assignable right to purchase, but it rather shows a personal unassignable privilege, and if the plaintiff saw this at the time of the purchase, he had notice of defendant's title. The judgment of the Court below must be affirmed.

Judgment affirmed.